IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY NICKS,                              No. CIV.S-06-1724 GEB DAD PS

      Plaintiff,

  v.                                      ORDER TO SHOW CAUSE

COMPUSA and AMERICAN HOME
ASSURANCE,

      Defendants.
_____/

      Plaintiff, proceeding in this action pro se, initiated the above-entitled action by paying the appropriate filing fee and filing a complaint on August 4, 2006. Plaintiff filed an amended complaint on August 14, 2006. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's amended complaint reflects that she is seeking recovery from her former employer and its workers' compensation insurance carrier due to physical injuries sustained while working. Although difficult to decipher, the amended complaint mentions

1

workers' compensation proceedings and prays for workers' compensation disability benefits.  No basis for federal jurisdiciton is alleged.  Indeed, to the extent that plaintiff seeks to litigate her workers' compensation case, her exclusive remedy would appear to be through California's workers' compensation system.  See Jensen v. Amgen, Inc., 105 Cal. App. 4th 1322, 1325 (2003)("An employee injured during the course of employment is generally limited to remedies available under the Workers' Compensation Act.").  The state's Workers' Compensation Act provides an exclusive remedy for an employee injured in the course of employment.  Cal. Lab. Code § 3602(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing within twenty days of the date that this order is filed why the court should not dismiss this action with prejudice on the grounds that plaintiff's claims of personal injury incurred in the scope of employment are preempted by the California Workers' Compensation Act.  See Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); and

2. Plaintiff is forewarned that the failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed.

DATED: August 15, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\nicks1724.osc

2