1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TERRY NICKS,                        No. CIV.S-06-1724 GEB DAD PS

12          Plaintiff,

13     v.                               ORDER AND

14  COMPUSA and AMERICAN HOME           FINDINGS AND RECOMMENDATIONS
    ASSURANCE,
15

16          Defendants.
    _____/
17

18          This matter came before the court on December 1, 2006, for

19  hearing on the following motions: (1) defendant American Home

20  Assurance Company's motion to dismiss for failure to state a claim,

21  or in the alternative for a more definite statement; (2) defendant

22  CompUSA, Inc.'s motion to dismiss for lack of subject matter

23  jurisdiction and for failure to state a claim; and (3) defendant

24  Workers' Compensation Appeals Board's motion to dismiss for lack of

25  subject matter jurisdiction and for failure to state a claim.  The

26  matter also came on for a Status (Pretrial Scheduling) Conference,

                                    1

which was vacated at the time of the hearing in light of the
recommendations herein.  Plaintiff, proceeding pro se, appeared on
his own behalf.  Cherie Sutherland appeared on behalf of defendant
American Home Assurance Company.  D. Gregory Valenza appeared on
behalf of defendant CompUSA, Inc.  Neil P. Sullivan appeared on
behalf of defendant Workers' Compensation Appeals Board.  The
undersigned has considered all written materials submitted in
connection with the motions and heard oral argument.  For the reasons
set forth below, it is recommended the motions to dismiss for lack of
subject matter jurisdiction be granted and this entire action be
dismissed.[1]

        Plaintiff initiated this action by paying the appropriate
filing fee and filing a complaint on August 4, 2006.  Plaintiff filed
an amended complaint on August 14, 2006.  On August 16, 2006, the
undersigned issued an order to show cause why the court should not
dismiss the action as preempted by the California Workers'
Compensation Act.  On August 31 and September 7, 2006, respectively,
plaintiff filed documents styled "Amended Complaint and Reply to Show
Cause" and "Amended to Show Cause."  The court discharged the order
to show cause.  Defendants have now moved to dismiss plaintiff's
action.

        This action arises out of injuries allegedly sustained by
plaintiff while working at a computer retail store due to carbon

---

        [1] This court lacking subject matter jurisdiction, the
undersigned does not reach defendants' numerous arguments as to why
plaintiff has failed to state a claim.

monoxide poisoning and subsequent workers' compensation proceedings
with respect to plaintiff's claims.  The amended complaint filed on
August 14, 2006, alleges that defendants "denied additional
temporary, residual permanent disability and ongoing medical care"
based on "insubstantial opinions" of various physicians and other
"fraudulent evidence."  (Am. Compl. at 2.)  Defendants are
plaintiff's former employer, its workers' compensation insurance
carrier and the state Workers' Compensation Appeals Board.  The
amended complaint alleges no basis for federal jurisdiction and
contains no discernible causes of action.  However, the "Amended
Complaint and Reply to Show Cause" purports to assert due process and
equal protection claims based on plaintiff's race, color, gender, age
and disability as well as vague claims under the Civil Rights Act of
1870 and the Americans with Disabilities Act.  The "Amended to Show
Cause" filed by plaintiff additionally references the Thirteenth
Amendment.  Plaintiff seeks the following relief in this action: "(1)
Temporary disability indemnity from April 3, 2001, to date and
continuing.  (2) Permanent disability.  (3) Liability for self-
produced medical treatment.  (4) Need for further medical treatment.
(5) Lien claim of the Employment Development Department.  (6) Damages
in the amount of Eighty Million ($80,000,000.00) Dollars."  (Am.
Compl. at 6.)

        Turning to the motions to dismiss, defendants persuasively
argue that this court lacks subject matter jurisdiction.  Under the
Rooker-Feldman doctrine, a federal district court does not have
subject matter jurisdiction over challenges to state court decisions.

3

1  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of

2  Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also

3  Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998).  This

4  doctrine applies even where the challenge to the state court decision

5  involves federal constitutional issues.  Worldwide Church of God v.

6  McNair, 805 F.2d 888, 891 (9th Cir. 1986).  Finally, the doctrine

7  encompasses cases in which the issues presented to the federal court

8  are not identical to but are "inextricably intertwined" with

9  determinations made by the state court.  See Feldman, 460 U.S. at

10 483-84 n.16; Dubinka v. Judges of the Superior Court, 23 F.3d 218,

11 221-22 (9th Cir. 1994).

12         Here, there is no dispute that plaintiff obtained a final

13 decision in his workers' compensation case, that he appealed that

14 final decision and that his appeal was rejected by the California

15 Supreme Court.[2]  This action therefore is an impermissible collateral

16 attack on the state workers' compensation proceedings and the

17 decision of the California Supreme Court rejecting plaintiff's

18 appeal.  To rule in plaintiff's favor, this court would have to find

19 those decisions to be erroneous.  Indeed, in the August 31, 2006,

20 response to the court's order to show cause, plaintiff asks that this

21 court "[r]ender the California Workers' Compensation Appeals Board's

22 unlawful Findings and Order null and void."  (Doc. no. 6 at 3.)

23 Thus, plaintiff's federal claims are inextricably intertwined with

24

25         [2] Defendants' request that the court take judicial notice of the
   workers' compensation proceedings and California Supreme Court's
26 decision is hereby granted.

4

1  the state court's decision.  See Doe & Associates Law Offices v.

2  Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001)("Where the district

3  court must hold that the state court was wrong in order to find in

4  favor of the plaintiff, the issues presented to both courts are

5  inextricably intertwined."); Branson v. Nott, 62 F.3d 287, 291-92

6  (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983

7  claim seeking, inter alia, implicit reversal of state trial court

8  action).  See also Tsabbar v. Booth, 293 F. Supp. 2d 328, 334 (S.D.

9  N.Y. 2003) (finding plaintiff's charges that justices and judges

10 involved in his state court cases acted inappropriately barred by

11 Rooker-Feldman doctrine).  Because plaintiff's action implicates

12 federal claims that are inextricably intertwined with a state court

13 decision, it must be dismissed for lack of subject matter

14 jurisdiction.

15      The court notes that defendant American Home Assurance

16 Company has not moved to dismiss for lack of subject matter

17 jurisdiction.  Nevertheless, the court "may properly on its own

18 motion dismiss an action as to defendants who have not moved to

19 dismiss where such defendants are in a position similar to that of

20 moving defendants or where claims against such defendants are

21 integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341,

22 1345 (9th Cir. 1981).  See also Omar v. Sea-Land Service, Inc., 813

23 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without

24 notice where the plaintiff cannot possibly win relief.").  Here, all

25 of the named defendants are similarly situated to the moving

26 defendants with respect to this court's lack of subject matter

5

1  jurisdiction.  Therefore, dismissal as to all named defendants is

2  appropriate at this time.

3       Finally, plaintiff has made a number of requests for the

4  appointment of counsel, asserting that his alleged physical and

5  mental disabilities frustrate his abilities to represent himself in

6  this matter.  However, plaintiff is not proceeding in forma pauperis

7  such that the court has discretion to request an attorney to

8  represent him.  See 28 U.S.C. § 1915(e)(1).  Nor is this a Title VII

9  action in which the court may appoint counsel.  See Bradshaw v.

10 Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).

11 Moreover, even assuming either of those standards applied, there has

12 been no showing demonstrating plaintiff's likelihood of success on

13 the merits warranting the appointment of counsel.  See Johnson v.

14 U.S. Dept. of Treasury, 939 F.2d 820, 824 (9th Cir. 1991); Wilborn v.

15 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Thus, the request

16 for appointment of counsel will be denied.

17      Accordingly, IT IS HEREBY ORDERED that plaintiff's request

18 for appointment of counsel is denied.

19      IT IS HEREBY RECOMMENDED that defendants' motions to

20 dismiss be granted and this entire action be dismissed for lack of

21 subject matter jurisdiction.

22      These findings and recommendations are submitted to the

23 United States District Judge assigned to the case, pursuant to the

24 provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being

25 served with these findings and recommendations, any party may file

26 written objections with the court and serve a copy on all parties.

6

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 4, 2006.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\nicks1724.f&r

7